UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LILA E.,

          Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

Case No. C20-5919-SKV

ORDER REVERSING THE COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of her application for a Period of Disability, Disability Insurance Benefits (DIB), and Supplemental Security Income (SSI). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1970, has at least a high school education, and previously worked as a hotel front desk clerk. AR 23-24. Plaintiff was last gainfully employed on March 24, 2017. AR 13.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 1

On August 31, 2017 and November 15, 2017, Plaintiff applied for DIB and SSI benefits, respectively, alleging disability as of March 24, 2017. AR 10. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. After the ALJ conducted a hearing on November 14, 2019, the ALJ issued a decision finding Plaintiff not disabled. AR 7-30. On July 10, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 1.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since March 24, 2017.

**Step two**: Plaintiff has the following severe impairments: degenerative disc disease, obesity, fibromyalgia, bipolar disorder, anxiety disorder, post-traumatic stress disorder, personality disorder, and substance abuse disorder.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity**: Plaintiff can perform light work, subject to a series of further limitations.

**Step four**: Plaintiff is unable to perform past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 12-25.

//

//

//

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred by misevaluating the medical opinion of W. Daniel Davenport, M.D. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A. The ALJ Erred in Evaluating the Medical Evidence

In assessing Plaintiff's August 2017 and November 2017 applications for benefits, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported by and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c) 416.920c(a)-(c).

The Commissioner argues that the regulations promulgated in 2017 changed the legal standards previously articulated by the Ninth Circuit. *See* Dkt. 13 at 2-6. Under current Ninth Circuit precedent, an ALJ must provide "clear and convincing" reasons to reject an uncontradicted opinion from a treating or examining doctor, and "specific and legitimate" reasons to reject a contradicted opinion from such doctor. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). The Ninth Circuit has not yet addressed the 2017 regulations in relation to its standards for the review of medical opinions. It is not, in any event, clear that the Court's consideration of the adequacy of an ALJ's reasoning under the new regulations would differ in any significant respect. The new regulations still require ALJs to explain their reasoning with specific reference to how they considered the supportability and consistency factors, 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b), and that reasoning must remain legitimate. *See Thomas S. v. Comm'r of Social Sec.*, 2020 WL 5494904, at *2 (W.D. Wash. Sept. 11, 2020). The Court must, moreover, continue to consider whether the ALJ's analysis has the support of substantial evidence. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). With these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

　　　　1. W. Daniel Davenport, M.D.

Dr. Davenport examined Plaintiff on July 28, 2018, and opined, as relevant here, Plaintiff "could be expected to stand and walk for 1 to 2 hours daily, limited by her fibromyalgia, her

obesity, her anxiety, depression, and suicidal ideation, and her weakness in both forearms and hands, without any evidence of arthritis" and "could be expected to sit for at least 4 hours in an 8-hour day, possibly more." AR 651. The ALJ found Dr. Davenport's "limits on standing and walking" are "not persuasive." AR 22.

The ALJ discounted the opined limitations as inconsistent "with the medical evidence of record and findings upon examination. Instead, the limits seem largely based on pain complaints." AR 22. The ALJ noted Plaintiff "walks with a normal gait," "[h]er gait is normal," and "[s]he has no gait disturbance." AR 22. In light of Plaintiff's fibromyalgia, the ALJ's finding is legally erroneous. The Ninth Circuit has held "[i]n evaluating whether a claimant's residual functional capacity renders them disabled because of fibromyalgia, the medical evidence must be construed in light of fibromyalgia's unique symptoms and diagnostic methods … The failure to do so is error." *Revels v. Berryhill*, 874 F.3d 648, 662 (9th Cir. 2017). Fibromyalgia is evaluated "entirely on the basis of patients' reports of pain and other symptoms." *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004). "[T]he symptoms of fibromyalgia wax and wane, and a person may have bad days and good days." *Revels*, 874 F.3d at 663 (cleaned up). The Ninth Circuit has made clear that "mostly normal results" of objective tests "are perfectly consistent with debilitating fibromyalgia," *id.* at 666, and that an ALJ errs "by effectively requiring objective evidence for a disease that eludes such measurement," *Benecke*, 379 F.3d at 594 (cleaned up). *Revels* further instructs that, in the context of a fibromyalgia claimant, an ALJ's citation to "normal muscle strength, tone, and stability, as well as a normal range of motion" is "erroneous." 874 F.3d at 666; *see id.* at 663 ("A person with fibromyalgia may have muscle strength, sensory functions and reflexes that are normal.") (cleaned up). The ALJ thus

erred by discounting Dr. Davenport's opinion based on Plaintiff's "normal gait" and the inference Plaintiff's pain complaints "seem[ed]" to inform the doctor's opined limitations.

**CONCLUSION**

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).  On remand, the ALJ should reevaluate Dr. Davenport's opinion, develop the record and redetermine the RFC as needed, and proceed to the remaining steps as appropriate.

Dated this 23rd day of July, 2021.

S. KATE VAUGHAN
United States Magistrate Judge